IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD WRIGHT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 11-429-SLR |
| | ) |
| DAVID PIERCE, Warden, | ) |
| and JOSEPH R. BIDEN, III, | ) |
| Attorney General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents.[1] | ) |

Donald Wright. Pro se petitioner.

Elizabeth R. McFarlan. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

May ___, 2014
Wilmington, Delaware

---

[1] Warden David Pierce is substituted for former Warden Perry Phelps, an original party to the case. *See* Fed. R. Civ. P. 25(d).

ROBINSON, District Judge

## I. INTRODUCTION

Petitioner Donald Wright ("petitioner) has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner is an inmate in custody at the James T. Vaughn Correctional Center in Wilmington, Delaware. For the reasons that follow, the court will dismiss his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner sexually assaulted his minor step-daughter on numerous occasions between April 2006 and November 2007. See *Wright v. State*, 980 A.2d 1020 (Del. 2009). In May 2008, petitioner was indicted on thirty-six counts of first degree rape, one count of second degree rape, one count of first degree unlawful sexual contact, and one count of continuous sexual abuse of a child. (D.I. 11 at 1)

On the first scheduled day of trial, the State *nolle prossed* eighteen counts of the first degree rape charges. *Id.* At trial, petitioner denied engaging in vaginal intercourse with his minor step-daughter, but he admitted that he engaged in oral sex with her on four occasions, ejaculated on her stomach, touched her breasts, rubbed his penis on the outside of her vagina and placed his fingers inside her vagina. See *Wright*, 980 A.2d at 1022. A Superior Court jury convicted petitioner of eight counts of first degree rape, and one count each of second degree rape, first degree unlawful sexual contact, and continuous sexual abuse of a child; the jury, however, did not reach a unanimous verdict on the remaining ten counts of first degree rape. In February 2009, the Superior Court sentenced petitioner to a total of 151 years at Level V, suspended after 140 years

for decreasing levels of supervision. *Id.* The Delaware Supreme Court affirmed petitioner's convictions and sentence. *See Wright*, 980 A.2d at 1024.

In March 2010, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") alleging ineffective assistance of trial and appellate counsel. (D.I. 11 at 2) The Superior Court denied the Rule 61 motion as meritless on July 22, 2010. (D.I. 13, Appellant's App. in *Wright v. State*, No. 507, 2010, at Exhibit B) The Delaware Supreme Court affirmed that decision. *See Wright v. State*, 12 A.3d 1155 (Table), 2011 WL 181470 (Del. Jan. 14, 2011).

Petitioner timely filed a § 2254 application in this court. (D.I. 1) The State filed an answer, arguing that the court should deny the application for failing to satisfy § 2254(d). (D.I. 11)

## III. STANDARD OF REVIEW

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied"; as recently explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011).

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## IV. DISCUSSION

Petitioner's application asserts the following three ineffective assistance of counsel claims: (1) trial counsel failed to timely challenge the indictment for being vague; (2) appellate counsel failed to challenge the vagueness of the first degree rape charges in the indictment; and (3) appellate counsel failed to challenge the vagueness of the first degree unlawful sexual contact charges in the indictment. Because the

Delaware Supreme Court denied these claims on post-conviction appeal as meritless, habeas relief will only be available if the Delaware Supreme Court's decision was contrary to, or involved an unreasonable application of, the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003).

Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688. Notably, claims of ineffective assistance of appellate counsel are evaluated under the same *Strickland* standard applicable to trial counsel. *See Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). An attorney's decision about which issues to raise on appeal are strategic,[2] and an attorney is not required to raise every possible non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745 (1983); *Smith v. Robbins*, 528 U.S. 259, 272 (2000).

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary

---

[2]*See Albrecht v. Horn*, 485 F.3d 103, 138 (3d Cir. 2007); *Buehl v. Vaughn*, 166 F.3d 163, 174 (3d Cir. 1999)(counsel is afforded reasonable selectivity in deciding which claims to raise without the specter of being labeled ineffective).

dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

In this case, the Delaware Supreme Court applied the *Strickland* standard when it affirmed the Superior Court's decision. Thus, the Delaware Supreme Court's decision was not contrary to clearly established federal law. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The court's inquiry under § 2254(d)(1) is not over, because it must also determine if the Delaware Supreme Court's denial of the three claims as meritless involved a reasonable application of *Strickland*. When performing this inquiry, the court must review the Delaware Supreme Court's decision with respect to petitioner's ineffective assistance of counsel claims through a "doubly deferential" lens. *Harrington*, 131 S.Ct. at 788. In other words, "the question is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

In his Rule 61 motion, petitioner contended that trial and appellate counsel provided ineffective assistance by failing to argue that the indictment was too vague because it did not contain a concise definition of the means by which petitioner had sexual intercourse with the victim. The Superior Court rejected petitioner's ineffective assistance of counsel claims for failing to satisfy *Strickland*'s prejudice prong after

concluding that the indictment properly placed petitioner on notice of the crimes he was called to defend. The Delaware Supreme Court affirmed the Superior Court's holding that petitioner failed to demonstrate sufficient prejudice under *Strickland*, and also held that trial and appellate counsel did not perform deficiently by failing to challenge the indictment on vagueness grounds. The Delaware Supreme Court explained that the "indictment conformed to the requirements of Superior Court Criminal Rule 7(c)(1) by placing [petitioner] on notice of the charges against which he was required to defend. As such, there was no substantive basis upon which to challenge the indictments." *Wright*, 2011 WL 181470, at *1.

The court is bound by the Delaware Supreme Court's interpretation and application of Delaware state law and, therefore, accepts its conclusion that the indictment was not defectively vague because it provided petitioner with sufficient notice of the charges against him as required by Delaware law.[3] The court further notes that, for each charged offense, the indictment set forth the citation for the applicable statute, the elements of the offense which petitioner was alleged to have violated, and a time period during the offenses were alleged to have occurred. (D.I. 13, App. to Appellant's Br. in *Wright v. State*, No.114,2009, at A10-A29) In addition, petitioner gave a post-*Miranda* statement to the police admitting that he had oral sex with the victim on four separate occasions. (D.I. 13, App. to State's Ans. Br. in *Wright v. State*, No.507,2010, at B1) During that same statement, petitioner asked the police to clarify what rape

---

[3]Although the sufficiency of an indictment is generally a matter of state substantive law, *See Getz v. Snyder*, 1999 WL 127247, at *5 n.15 (D. Del. Feb. 18, 1999), the court notes that Delaware's standard for determining the sufficiency of an indictment is the same as the federal standard. *See Russell v. United States*, 369 U.S. 749, 763-64 (1962); *Malloy v. State*, 462 A.2d 1088 (Del. 1983).

meant, and the officer explained that rape included oral sex as well as vaginal intercourse. (D.I. 13, State's Ans. Br. in *Wright v. State*, No.507,2010, at 11) Thus, petitioner was on notice of the charges against him.

It is well-settled that an attorney does not provide ineffective assistance by failing to raise meritless arguments or objections. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Based on the foregoing record, the court concludes that the Delaware Supreme Court reasonably applied *Strickland* in rejecting petitioner's argument that the two attorneys representing him rendered ineffective assistance by failing to raise the meritless "defective indictment" argument at trial or on direct appeal. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). The court also concludes that the Delaware Supreme Court's decision constituted a reasonable determination of the facts in light of the evidence presented by the parties. Accordingly, the court will deny the application for failing to satisfy § 2254(d).[4]

---

[4] "[N]otice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge [] are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." *Cole v. State of Ark.*, 333 U.S. 196, 201 (1948). In this case, petitioner has alleged that counsel was ineffective for failing to argue that his indictment was defective under Delaware state law. However, even if petitioner's contention could be construed as alleging that counsel erred by not arguing that the "defective indictment" deprived him of his federal constitutional right to due process, the court would still deny habeas relief. As explained by the United States Supreme Court, the sufficiency of an indictment is measured by two criteria: "first, whether [it] contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, secondly, in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *Russell v. United States*, 369 U.S. 749, 763-64 (1962). When denying the instant claim on post-conviction appeal, the Delaware Supreme Court explained that one of the two purposes of an indictment is "to place the defendant on notice of what he must defend against." *Wright*, 2011 WL 181470, at *1. The Delaware Supreme Court then held that the indictment provided petitioner with sufficient notice of the charges against him. *Id.*

## V. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI. CONCLUSION

For the foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254. An appropriate order will be entered.

---

Having reviewed the record and the Delaware Supreme Court's decision within the framework established by *Russell*, the court concludes that the Delaware Supreme Court reasonably applied clearly established federal law in holding that petitioner's indictment was not defective. Accordingly, even if petitioner's "defective indictment" claim is based on a violation of the federal due process clause, rather than on an error of Delaware law, the Delaware Supreme Court reasonably applied *Strickland* in denying the instant three claims.

8